UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSEPH BILLINGSLEY, JR.

    Plaintiff,                                          Case No.

v.

RICHARD O. EMMONS d/b/a
MAGAZINE SUBSCRIPTION SERVICE AGENCY,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JOSEPH BILLINGSLEY, JR. (hereinafter referred to as "PLAINTIFF"), in accordance with the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA"), and by and through his undersigned counsel, sues the Defendant, RICHARD O. EMMONS d/b/a MAGAZINE SUBSCRIPTION SERVICE AGENCY, (hereinafter referred to as "DEFENDANT"), and alleges as follows.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1441(b).

2. Venue lies within the United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving

1

rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

3. At all times material herein, Plaintiff was and is a resident of Pasco County, Florida.

4. At all times material herein, Defendant was and is a Florida for profit corporation, authorized and doing business in this judicial district.

5. At all times material herein, Plaintiff was an employee of Defendant pursuant to 29 U.S.C. § 203(e)(l), Defendant was Plaintiffs employer within the meaning of 29 U.S.C. § 203(d), and Defendant employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

6. The Defendant is an "enterprise" as defined by 29 U.S.C. § 203(s)(l)(A).

## GENERAL ALLEGATIONS

7. At all times material, Defendant willfully violated the Fair Labor Standards Act ("FLSA").

8. Plaintiff has retained the undersigned counsel to represent his interest in this action and is obligated to pay them a reasonable fee for their services.

## FACTS

9. Plaintiff began his employment with Defendant on or about

September 27, 2011 as a Production/IT Technician.

10. Plaintiff was paid on an hourly rate basis.

11. Defendant classified Plaintiff as an independent contractor.

12. Plaintiff was required to clock in and out regularly on a work schedule created by Defendant.

13. Defendant provided Plaintiff with his own office within Defendant's building and supplied Plaintiff with all office materials required to perform his job.

14. Plaintiff was permitted to use the company credit card to make purchases on behalf of the Defendant.

15. Plaintiffs regularly and routinely worked over forty (40) hours in a work week. Plaintiff estimates he worked an average of fifty-eight (58) hours per week.

16. Defendant paid Plaintiff straight time for all hours he worked over forty in each work week. Plaintiff was not paid time and a one-half his regular hourly rate for each and every hour that he worked in excess of forty (40) hours in a work week for all weeks that he worked.

17. On several occasions, Plaintiff questioned Defendant or his in-house accountant as to why he was being paid as an independent contractor but was never given an answer.

18. On or about January 24, 2021, Defendant told Plaintiff "don't come back in, we have an issue."

## COUNT I
## FAIR LABOR STANDARDS ACT (UNPAID OVERTIME)

19. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through eighteen (18).

20. Defendant is subject to the requirements of the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 216(b).

21. Defendant is an "enterprise" as defined by 29 U.S.C. § 203(s)(l)(A) in that it (a) has employees engaged in commerce or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, or (b) has an annual gross volume of sales made or business done that is not less than $500,000.00.

22. Alternatively, Plaintiff is covered as an individual under the FLSA because Plaintiff engaged in interstate commerce as part of his job with Defendant, 29 U.S.C. §207(a)(1).

23. Throughout his employment with Defendant, Plaintiff worked in excess of forty (40) hours per week, for which he was not compensated at the overtime rate.

24. Plaintiff estimates that he worked an average of eighteen overtime hours per week. Defendant failed to comply with their statutory obligation to

4

keep accurate time records.

25. The FLSA requires each covered employer such as Defendant to compensate all non-exempt employees, such as Plaintiff, at a rate of not less than 1 ½ times their regular rate of pay for all work performed in excess of forty (40) hours in a work week.

26. Plaintiff is entitled to be paid overtime compensation for all overtime hours worked for Defendant.

27. Defendant's failure to pay Plaintiff overtime at a rate not less than 1 ½ times the regular rate of pay for work performed in excess of forty (40) hours in a work week, violates the FLSA, 29 U.S.C. §§201 et seq., including 29 U.S.C. § 207.

28. Defendant knew or had reason to know that Plaintiff performed work in excess of forty (40) hours per work week.

29. Defendant's violations of the FLSA were intentional and willful and in reckless disregard of the rights of Plaintiff. Defendant knew that it's conduct was prohibited by the FLSA and/or showed reckless disregard about whether it was.

30. As a direct result of Defendant's violations of the FLSA, Plaintiff suffered damages by being denied overtime wages in accordance with § 207 and § 216(b) of the FLSA and has incurred reasonable attorneys' fees and costs.

31. As a result of Defendant's violations of the FLSA, Plaintiff is entitled liquidated damages.

32. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendant including, but not limited to:

a. Awarding Plaintiff overtime compensation in the amount due to them for the time worked in excess of forty (40) hours per work week as allowable under the FLSA statute of limitations period;

b. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

c. Awarding prejudgment interest;

d. Awarding reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e. Determining that the FLSA was violated and an adjudication on the merits of the case;

f. Ordering any other further relief the Court deems just and proper.

## COUNT II
## RETALIATION

33. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through eighteen (18).

34. Plaintiff was terminated from his employment with Defendant as a direct result of, and in retaliation for, complaining about the being misclassified as an independent contractor.

35. The above described actions of Defendant constitutes a violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

36. As a result of the retaliatory actions of Defendant, Plaintiff have suffered damages including lost wages, benefits, and other remuneration, emotional distress and humiliation. These losses are permanent or intermittent and will continue into the future.

37. As a result of Defendant's unlawful acts against Plaintiff, he has and will continue to incur damages as well as attorneys' fees and costs.

WHEREFORE, Plaintiff demands judgment against the Defendant for all damages and relief under Florida Statute 448.110, *et seq.*, including wages, liquidated damages, attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## COUNT III
## FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

38. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through eighteen (18).

39. Plaintiff brings this claim pursuant to the Florida Deceptive and Unfair Trade Practices Act (FDUTPA), Fla. Stat. § 501.201, *et seq.*

40. FDUTPA makes it unlawful to engage in "unfair methods of competition, unconscionable, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce." *Fla. Stat. §* 501.204.

41. FDUTPA's prohibitions are extremely broad and reach a wide range of activities.

42. Plaintiff is permitted to bring suit under FDUTPA even though the unlawful practice of Defendant did not involve a consumer transaction. *Fla. Stat. §* 501.211(2).

43. During Plaintiff's employment with Defendant, Defendant failed comply with federal and state laws, including but not limited to failure to pay federal payroll taxes and state unemployment taxes.

44. By failing to pay required payroll taxes, Defendant engaged in an unfair method of competition because Defendant paid fewer taxes than competing businesses that follow state and federal tax laws and, therefore, have more money to use in competition against its competing businesses.

WHEREFORE, Plaintiff demands judgment against Defendant and for actual damages; declaratory relief; civil penalties; costs and attorneys' fees; and for such other relief as the Court deems just and equitable.

Dated this 12th day of February 2021.

FLORIN GRAY BOUZAS OWENS, LLC

/s/ *Scott L. Terry*
Scott L. Terry
sterry@fgbolaw.com
Florida Bar No.: 77105
Wolfgang M. Florin
Florida Bar No. 907804
wolfgang@fgbolaw.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 254-5255
 Facsimile (727) 483-7942
Attorneys for Plaintiff