UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSEPH BILLINGSLEY JR.,

    Plaintiff,

v.                                             Case No. 8:21-cv-351-KKM-CPT

RICHARD O. EMMONS d/b/a
MAGAZINE SUBSCRIPTION
SERVICE AGENCY,

    Defendant.
_____/

## ORDER

Plaintiff Joseph Billingsley initiated this lawsuit against Defendant Magazine Subscription Service Agency claiming unpaid overtime and retaliation under the Fair Labor Standards Act (FLSA). (Doc. 10). Most pertinent here, Billingsley alleges that he was a non-exempt employee for Magazine under the FLSA, and Magazine failed to pay him overtime wages. *See* (*id.* at ¶¶ 19–32).

Magazine denies Billingsley's claims and asserts that he was an independent contractor not covered under the FLSA. *See* (Doc. 12). Magazine also alleges counterclaims against Billingsley for violating the Computer Fraud and Abuse Act (Count I), conversion (Count II), breach of fiduciary duty (Count III), and fraud (Count IV). (Doc. 22). Generally speaking, Magazine alleges that Billingsley embezzled funds by

accessing a computer that Magazine provided him and wrote checks to himself from Magazine's Bank of America account. *See* (Doc. 22).

Billingsley now moves to dismiss Magazine's counterclaims. (Doc. 25). He puts forth two reasons. First, the *Brennan* rule prohibits Magazine from asserting counterclaims that might offset any award on his overtime claim. (*Id.* at 3–4). Second, Billingsley argues that Magazine's breach-of-fiduciary-duty claim should be dismissed because he owed no fiduciary duty to Magazine. (*Id.* at 4–6)

### The *Brennan* Rule Does Not Require Dismissal at this Time

The *Brennan* rule, articulated by the Fifth Circuit[1] in 1974, prohibits an FLSA defendant from alleging a counterclaim that might result in offsetting the plaintiff's overtime award. *Brennan v. Heard*, 491 F.2d 1, 4 (5th Cir. 1974), *abrogated on other grounds by McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988).[2] But the *Brennan* rule has no application if the plaintiff is exempt from the FLSA's coverage and therefore cannot recover anything under the Act. *See Pioch v. IBEX Eng'g Servs.*, 825 F.3d 1264, 1274 (11th Cir. 2016) (Jordan, J.).

That is precisely what is at issue here: whether Billingsley was an employee covered

---

[1] The former Fifth Circuit's decisions are binding precedent. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209–11 (11th Cir. 1981) (en banc).

[2] The current Fifth Circuit later recognized an exception to the *Brennan* rule not relevant here. *See Singer v. City of Waco*, 324 F.3d 813, 828 n.9 (5th Cir. 2003).

2

under the FLSA. Billingsley claims he was a covered employee; Magazine claims he was an independent contract not covered under the FLSA. If Magazine succeeds on Billingsley's FLSA claims, then an award on its counterclaims would not offset an FLSA overtime award. *See Pioch*, 825 F.3d at 1274.

The Court cannot at this time conclude that Magazine's counterclaims warrant dismissal. Instead, whether an individual is an employee under the FLSA is legal question best answered at the summary-judgment stage after fact discovery concludes. *See Scantland v. Jeffry Knight Inc.*, 721 F.3d 1308, 1310–11 (11th Cir. 2013) (reviewing summary-judgment decision and stating that an individual's employment status under the FLSA is a legal question decided based on "underlying facts"). So Billingsley's motion to dismiss all Magazine's counterclaims under the *Brennan* rule is denied.

<u>Magazine Plausibly Alleges a Breach-of-Fiduciary Claim</u>

Billingsley's motion to dismiss the breach-of-fiduciary-duty claim also fails. He argues that, as an employee, he owed no fiduciary duty to Magazine. (Doc. 25 at 4–5). He also argues that Magazine's allegations on this claim are "bare;" Magazine denies an employee-employer relationship; and nothing in Magazine's "arrangement" with Billingsley suggested that it placed unique confidence in him. (*Id.* at 5).

To sufficiently plead breach of fiduciary duty, the plaintiff must allege (1) existence of a fiduciary duty; (2) a breach of that duty; and (3) that breach proximately caused the

3

plaintiff's damages. *Rocco v. Glenn, Rasmussen, Fogarty & Hooker P.A.*, 32 So. 3d 111, 116 n.2 (Fla. 2d DCA 2009). In some cases, independent contractors may be fiduciaries. *See Susan Fixel Inc. v. Rosenthal & Rosenthal Inc.*, 842 So. 2d 204, 208 (Fla. 3d DCA 2003).

Magazine's counterclaim plausibly alleges a breach of fiduciary duty. Its counterclaim details how Billingsley had "complete discretion over his schedule," had access to Magazine's computers, and "was not supervised by anyone in his production or [Information Technologies] work." (Doc. 22 at ¶¶ 8, 10, 11, 14). These allegations, along with other allegations in the counterclaim, suffice to plausibly allege a fiduciary relationship in which Magazine entrusted and was dependent on Billingsley for his IT work. *See Orlinski v. Patraka*, 971 So. 2d 796, 800 (Fla. 3d DCA 2007) ("To establish a fiduciary relationship, 'a party must allege some degree of dependency on one side and some degree of undertaking on the other side to advise, counsel, and protect the weaker party.'") (citation omitted).

Further, Magazine's counterclaim plausibly alleges that Billingsley breached his fiduciary duty when he accessed Magazine's Bank of America account and wrote checks to himself. *See* (Doc. 22 at ¶¶ 26, 27). And Magazine plausibly alleges that Billingsley breaching his fiduciary duty proximately caused Magazine $31,620.18 in damages. (*Id.* at ¶ 34). As a result, Magazine plausibly alleges a breach of fiduciary duty and Billingsley's

4

motion to dismiss this counterclaim is denied. *See Susan Fixel*, 842 So. 2d at 208 ("Because of the factually intensive nature of an implied fiduciary duty inquiry, such claims are better addressed by a summary judgment motion, or at trial, than on a motion to dismiss.").

Ultimately, the *Brennan* rule does not prohibit Magazine's counterclaims at this time. And Magazine plausibly alleges a breach of fiduciary duty. Billingsley may renew his arguments after discovery closes. Until then, his motion to dismiss (Doc. 25) is **DENIED**.

**ORDERED** in Tampa, Florida, on August 9, 2021.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge